# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

NICHOLAS D. SCOYNI,

Plaintiff,

vs.

CENTRAL VALLEY FUND L.P. II &
III,
CVF Capital partners,
Fifth Third Bancorp,

Defendants.

No.  1:20-cv-00402-SEH

**MEMORANDUM
AND ORDER**

## INTRODUCTION

On November 13, 2020, Plaintiff, with leave of Court, filed a Second
Amended Complaint.[1] Defendant CVF Capital Partners ("CVF") filed a Motion to
Dismiss grounded in a lack of personal jurisdiction on November 25, 2020.[2] A
hearing on the Motion was held on December 21, 2020.

## STANDARD OF REVIEW

A  motion to dismiss is reviewed by examination of the allegations of the
Complaint to determine if the plaintiff has pled a prima facie case capable of

---

[1] *See* Doc. 54.

[2] *See* Doc. 58.

withstanding a motion to dismiss for lack of personal jurisdiction.[3] Reasonable

inferences in favor of the plaintiff are to be drawn, but not "unreasonable or far-

fetched inferences."[4] A heightened standard of specific fact pleadings is not

required. Instead, sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face" must be pled.[5]

The Court reads a *pro se* complaint liberally,[6] makes reasonable inferences

for the *pro se* litigant,[7] and may "exercise discretion to tolerate informalities".[8]

However, *pro se* litigants in routine "civil case[s] should not be treated more

favorably than parties with attorneys of record".[9] The Court is not obliged to fill

the role of Plaintiff's counsel, nor is it under any "duty to provide personal

---

[3] *See Chirila v. Conforte*, 47 F. App'x 838, 843 (9th Cir. 2002)(citing *Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).

[4] *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012) (*overruled* on factual grounds unrelated to the standard of review by *Fiore v. Walden*, 568 U.S. 1211 (2013)).

[5] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)*; see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fiore*, 688 F.3d at 574-75.

[6] *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

[7] *See McCabe v. Arave,* 827 F.2d 634, 640 n. 6 (9th Cir. 1987) (citing *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

[8] *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986) (citing *Cel-A-Pak v. Cal. Agric. Lab. Relations Bd.*, 680 F.2d 664, 667 (9th Cir. 1982)).

[9] *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

instruction or to perform any legal 'chores' for the [Plaintiff]."[10]

In this case, Plaintiff has been accorded multiple opportunities to plead his case and amend his pleadings.[11] Most recently, the Court ordered Plaintiff to file a Second Amended Complaint, taking care to clearly outline and inform Plaintiff of the pleadings requirements of *Iqbal* and *Twombly*.[12] He has, nevertheless, elected to continue to proceed *pro se.* He must, despite his *pro se* status, observe and comply with pleading requirements of the Federal Rules of Civil Procedure and relevant case law principles enunciated by the United States Supreme Court.

## DISCUSSION

Personal jurisdiction may be either "general" jurisdiction or "specific" jurisdiction. The relevant test is determined by the citizenship of the defendant. Personal jurisdiction may be exercised if either test is met.

A corporation is a citizen of the state in which it is incorporated and of the

---

[10] *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (quoting *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 162 (2000)).

[11] The Second Amended Complaint represents the third pleading Plaintiff has filed and both of his revisions have included significant changes without having any impact on the degree to which he has fulfilled the pleading requirements.

[12] *See* Doc. 53; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (requiring that  a *pro se* litigant be provided notice of the deficiencies of the complaint and afforded an opportunity to amend).

state of its principal place of business.[13] General jurisdiction may be exercised over a defendant that is: (1) a citizen of the forum state; or (2) has "continuous and systematic" connections to the forum state.[14] Exercise of specific jurisdiction over an out-of-state defendant must conform to both the forum state's long-arm statute and due process requirements of the United States Constitution.[15]

Idaho Code Annotated Section 5-514 allows for the exercise of specific jurisdiction over an out-of-state defendant if the defendant "[conducts] the transaction of any business within [the] state which is ... defined as the doing of any act for the purpose of realizing pecuniary benefit."[16] In this case, the Court will look to the Due Process Clause of the United States Constitution to determine if specific personal jurisdiction can be exercised over CVF.[17]

In the Ninth Circuit, a three-prong test, known as the *Schwarzenegger* test, is used to determine if the exercise of specific jurisdiction over an out-of-state

---

[13] *See First Bank Stock Corp. v. State of Minnesota*, 301 U.S. 234, 237 (1937); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

[14] *Goodyear Dunlop Tires Operations, S.A.,* 564 U.S. at 919 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

[15] *See Id.*

[16] Idaho Code Ann. § 5-514(a).

[17] *See Wells Cargo, Inc. v. Transport Ins. Co.,* 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009).

defendant fulfills the requirements of due process:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[18]

Plaintiff alleges CVF to be a citizen of California[19] but does not allege or attempt to show that CVF has such continuous and systematic connections to Idaho that the Court should treat it as essentially at home in Idaho for general jurisdiction purposes. General jurisdiction over CVF has not been pleaded.

Under the first prong of the *Schwarzenegger* test, Plaintiff must make a plausible showing that CVF purposely directed its activities or consummated some transaction within Idaho by which it availed itself of the forum and invoked the benefits and protections of Idaho's laws to justify the exercise of specific jurisdiction. Plaintiff has not met that burden.

---

[18] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

[19] *See* Doc. 54 at 43.

Plaintiff has not alleged that CVF conducted business of any kind in Idaho. He has not alleged any fact that would allows the Court to reasonably infer that CVF availed itself of the privileges and protections of Idaho and its laws. The first prong of the *Schwarzenegger* test has not been fulfilled. The Court cannot exercise specific jurisdiction over CVF.

## ORDERED:

1.      CVF Capital Partners' Motion to Dismiss for Lack of Jurisdiction[20] is GRANTED.

2.      All claims against CVF Capital Partners are DISMISSED WITH PREJUDICE.

3.      The caption shall be updated to reflect the dismissal of all claims against CVF Capital Partners.

DATED this 23rd day of December, 2020.

SAM E. HADDON
United States District Judge

---

[20] *See* Doc. 58.