UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS D. SCOYNI,<br><br>                        Plaintiff,<br><br>vs.<br><br>CENTRAL VALLEY FUND L.P. II &<br>III,<br>CVF Capital partners,<br>Fifth Third Bancorp,<br><br>                        Defendants. | No.  1:20-cv-00402-SEH<br><br>**MEMORANDUM<br>AND ORDER** |

### INTRODUCTION

On November 13, 2020, Plaintiff, with leave of Court, filed a Second Amended Complaint.[1] Central Valley Fund L.P. II and Central Valley Fund L.P. III ("CVF LP Defendants") jointly filed a Motion to Take Judicial Notice[2] and a Motion to Dismiss[3] on November 25, 2020, the latter of which was grounded in:

---

[1] *See* Doc. 54.

[2] *See* Doc. 56.

[3] *See* Doc. 57.

(1) a failure to state a claim upon which relief could be granted; and (2) collateral estoppel. A hearing on the motion was held on December 21, 2020.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.[4] To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] A facially plausible complaint "plead[s] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."[7] However, it is "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences".[8]

---

[4] *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[7] *Fleming v Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).

[8] *See Sprewell v. Golden St. Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994)).

The Court reads a *pro se* complaint liberally,[9] makes reasonable inferences for the *pro se* litigant,[10] and may "exercise discretion to tolerate informalities".[11] However, *pro se* litigants in routine "civil case[s] should not be treated more favorably than parties with attorneys of record".[12] The Court is not obliged to fill the role of Plaintiff's counsel, nor is it under any "duty to provide personal instruction or to perform any legal 'chores' for the [Plaintiff]."[13]

In this case, Plaintiff has been accorded multiple opportunities to plead his case and amend his pleadings.[14] Most recently, the Court ordered Plaintiff to file a Second Amended Complaint, taking care to clearly outline and inform Plaintiff of the pleadings requirements of *Iqbal* and *Twombly*.[15] He has, nevertheless, elected

---

[9] *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

[10] *See McCabe v. Arave,* 827 F.2d 634, 640 n. 6 (9th Cir. 1987) (citing *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

[11] *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986) (citing *Cel-A-Pak v. Cal. Agric. Lab. Relations Bd.*, 680 F.2d 664, 667 (9th Cir. 1982)).

[12] *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[13] *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (quoting *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 162 (2000)).

[14] The Second Amended Complaint represents the third pleading Plaintiff has filed and both of his revisions have included significant changes without having any impact on the degree to which he has fulfilled the pleading requirements.

[15] *See* Doc. 53; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (requiring that a *pro se* litigant be provided notice of the deficiencies of the complaint and afforded an opportunity to amend).

to continue to proceed *pro se*. He must, despite his *pro se* status, observe and comply with pleading requirements of the Federal Rules of Civil Procedure and relevant case law principles enunciated by the United States Supreme Court.

## DISCUSSION

Plaintiff asserts four claims: (1) securities fraud for a violation of 15 United States Code §§ 78j, 77q, and 78t;[16] (2) "Servicemark Infringement" under 15 United States Code §§ 1114 and 1125;[17] (3) breach of contract;[18] and (4) defamation.[19] None survive the pending 12(b)(6) motion to dismiss.

### Securities Fraud Claim

The securities fraud claim is not based in a statute that provides for civil liability. Rather, the statutes relied upon at 15 United States Code §§ 77 and 78 provide for criminal liability in securities fraud cases.

Even if the complaint is read liberally as a fraud claim however, circumstances that are alleged as basis for a fraud claim "must be stated with

---

[16] *See* Doc. 54 at 2.

[17] *See* Doc. 54 at 3.

[18] *See* Doc. 54 at 4.

[19] *See* Doc. 54 at 4.

particularity in the pleading."[20] The complaint must comply with Federal Rule of Civil Procedure 9(b) and must make a sufficient showing of the elements, which are:

> (1) A representation of fact; (2) Its falsity; (3) Its materiality; (4) The speaker's knowledge of its falsity; (5) The speaker's intent that the representation be acted upon in a reasonably contemplated manner; (6) The listener's ignorance of its falsity; (7) the listener's reliance on the truth of the representation; (8) the listener's right to rely on the truth of the representation; and (9) the listener's consequent and proximate injury.[21]

Plaintiff alleges that the MB Financial Bank published a press release[22] and that he (Plaintiff) invested in Fifth Third Bancorp ("Fifth Third") on the basis of the information in the press release.[23] He also asserts that he was damaged by the alleged fraud because he lost money in his investment and because he believed that Fifth Third would cover debts related to Plaintiff's alleged contract with

---

[20] *Strate v. Cambridge Tel. Co., Inc.*, 795 P.2d 319, 323 (Idaho Ct. App. 1990) (quoting I.R.C.P. 9(b); *Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365, 369 (Idaho 1985)).

[21] *Galaxy Outdoor Advert. Inc. v. Idaho Transp. Dep't*, 710 P.2d 602, 606 (Idaho 1985) (citing *Smith v. King*, 597 P.2d 217, 220 (Idaho 1979).

[22] *See* Doc. 54 at 2. Fifth Third Bancorp stipulated to being the successor in interest and assuming the legal responsibilities of MB Financial Bank, which resulted in the dismissal of MB Financial Bank prior to the filing of the Second Amended Complaint. *See* Doc. 53.

[23] *See* Doc. 54 at 5.

Offspec Solutions LLC ("Offpsec").[24]

Plaintiff has not adequately pled a fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b). He does not allege any acts by the CVF LP Defendants that constituted any of the elements of fraud. He asserts, without further factual allegations, that the CVF LP Defendants are liable for fraud because they conspired with Fifth Third.[25] Such bare allegations of conspiracy are insufficient to state a viable claim of fraud.

### Service Mark Infringement Claim

The service mark infringement claim, even if considered as a trademark infringement claim, has not been sufficiently pleaded. Here, Plaintiff alleged that MB Financial Bank used his claimed trademark in a press release.[26] He then depends upon the bare allegation of a claimed conspiracy, without reference to or allegation of the content or substance of the conspiracy, between the CVF LP Defendants and Fifth Third in order to connect the CVF LP Defendants with the alleged wrongdoing.[27] Such allegations are insufficient to state a plausible claim

---

[24] *See* Doc. 54 at 14 and 16.

[25] *See* Doc. 54 at 47 and 51.

[26] *See* Doc. 54 at 2.

[27] *See* Doc. 54 at 47, 51.

that the Court could reasonably infer to present a case for relief.

## Breach of Contract Claim

No breach of contract claim has been adequately alleged. No contract between Plaintiff and CVF LP Defendants is claimed, although he alleges he had a contract with Offspec.[28] However, Offspec is not a party to this case. Plaintiff does not allege with sufficient particularity or in a manner that would allow the Court to reasonably infer that the CVF LP Defendants had assumed contractual duties of Offspec.[29]

## Defamation Claim

Plaintiff has not alleged a viable defamation claim against the CVF LP Defendants, the elements of which are:

> "(1) The defendant communicated information concerning the plaintiff to others; (2) the information was defamatory; and (3) the plaintiff was damaged because of the communication."[30]

Plaintiff asserts, without reference to the elements of a claim for defamation or how these elements were satisfied, that Fifth Third defamed Plaintiff during an

---

[28] *See* Doc. 54 at 30-32.

[29] *See* Doc. 54 at 9 and 31.

[30] *Verity v. USA Today*, 436 P.3d 653, 665 (Idaho 2019) (quoting *Clark v. The Spokesman Review*, 163 P.3d 216, 219 (2007)).

advertising campaign related to Offspec.[31] The bare allegation of a claimed conspiracy connecting the CVF LP Defendants to Fifth Third's alleged wrongdoing is insufficient to constitute a plausible claim for defamation against the CVF LP Defendants.

## Collateral Estoppel

CVF LP Defendants have also moved to dismiss on the basis of collateral estoppel, grounded in findings of Judge Winmill in a separate case.[32] That case is currently on appeal to the Ninth Circuit Court of Appeals.[33] Address of issues presented by the matter on appeal would be inappropriate and premature.

## CONCLUSION

None of Plaintiff's claims plead facts with sufficient particularity to meet the requirements of *Iqbal* and *Twombly*, warranting the Court making a reasonable inference that the CVF LP Defendants are liable for the harms Plaintiff claims.

## ORDERED:

1. The CVF LP Defendants' Motion to Dismiss for Failure to State a

---

[31] *See* Doc. 54 at 36.

[32] *See Scoyni v. Salvador et al.*, No. 1:18-CV-00506-BLW, Memorandum Decision and Order (D. Idaho Feb. 4, 2020); *see generally* Docs. 57-1 at 2 and 56 at 1.

[33] *See Nicholas Scoyni v. Daniel Salvador, et al.*, No. 20-35564 (9th Cir.).

Claim[34] is GRANTED.

2. The CVF LP Defendants' Motion to Take Judicial Notice is DENIED as MOOT.[35]

3. All claims against Central Valley Fund LP II and Central Valley Fund LP III are DISMISSED WITH PREJUDICE.

4. The caption shall be updated to reflect the dismissal of the claims against Central Valley Fund LP II and Central Valley Fund LP III.

DATED this 23rd day of December, 2020.

SAM E. HADDON
United States District Judge

---

[34] *See* Doc. 57.

[35] *See* Doc. 56.