# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

NICHOLAS D. SCOYNI,

                         Plaintiff,

vs.

CENTRAL VALLEY FUND L.P. II &
III,
CVF Capital partners,
Fifth Third Bancorp,

                         Defendants.

No.  1:20-cv-00402-SEH

**MEMORANDUM
AND ORDER**

## INTRODUCTION

On November 13, 2020, Plaintiff, with leave of Court, filed a Second

Amended Complaint.[1] Defendant Fifth Third Bancorp ("Fifth Third") filed a

Motion to Dismiss on November 25, 2020, grounded in: (1) a failure to state a

claim upon which relief can be granted; and (2) a lack of personal jurisdiction.[2] A

hearing on the Motion to Dismiss was held on December 21, 2020.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests

---

[1] *See* Doc. 54.

[2] *See* Doc. 55.

the legal sufficiency of a complaint.[3]  To survive such a motion, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"[4]  A facially plausible complaint "plead[s] factual content

[that] allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."[5]  The Court "must accept all factual allegations in the

complaint as true and construe them in the light most favorable to the non-moving

party."[6]  However, it is "not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences".[7]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is

reviewed by examination of the allegations of the Complaint to determine if the

plaintiff has pled a prima facie case capable of withstanding a motion to dismiss

for lack of personal jurisdiction.[8] Reasonable inferences in favor of the plaintiff

---

[3] *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *Fleming v Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook,* 362 F.3d 1219, 1225 (9th Cir. 2004)).

[7] *See Sprewell v. Golden St. Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994)).

[8] *See Chirila v. Conforte*, 47 F. App'x 838, 843 (9th Cir. 2002)(citing *Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).

are to be drawn, but not "unreasonable or far-fetched inferences."[9] A heightened standard of specific fact pleadings is not required. Instead, sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" must be pled.[10]

The Court reads a *pro se* complaint liberally,[11] makes reasonable inferences for the *pro se* litigant,[12] and may "exercise discretion to tolerate informalities".[13] However, *pro se* litigants in routine "civil case[s] should not be treated more favorably than parties with attorneys of record".[14] The Court is not obliged to fill the role of Plaintiff's counsel, nor is it under any "duty to provide personal instruction or to perform any legal 'chores' for the [Plaintiff]."[15]

In this case, Plaintiff has been accorded multiple opportunities to plead his

---

[9] *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012) (*overruled* on factual grounds unrelated to the standard of review by *Fiore v. Walden*, 568 U.S. 1211 (2013)).

[10] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fiore*, 688 F.3d at 574-75.

[11] *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

[12] *See McCabe v. Arave,* 827 F.2d 634, 640 n. 6 (9th Cir. 1987) (citing *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

[13] *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986) (citing *Cel-A-Pak v. Cal. Agric. Lab. Relations Bd.*, 680 F.2d 664, 667 (9th Cir. 1982)).

[14] *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[15] *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (quoting *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 162 (2000)).

case and amend his pleadings.[16] Most recently, the Court ordered Plaintiff to file a

Second Amended Complaint, taking care to clearly outline and inform Plaintiff of

the pleadings requirements of *Iqbal* and *Twombly*.[17] He has, nevertheless, elected

to continue to proceed *pro se*. He must, despite his *pro se* status, observe and

comply with pleading requirements of the Federal Rules of Civil Procedure and

relevant case law principles enunciated by the United States Supreme Court.

## DISCUSSION

### Motion to Dismiss for Lack of Personal Jurisdiction

Personal jurisdiction may be either "general" jurisdiction or "specific"

jurisdiction. The relevant test is determined by the citizenship of the defendant.

Personal jurisdiction may be exercised if either test is met.

A corporation is a citizen of the state in which it is incorporated and of the

state of its principal place of business.[18] General jurisdiction may be exercised

over a defendant that is: (1) a citizen of the forum state; or (2) has "continuous and

---

[16] The Second Amended Complaint represents the third pleading Plaintiff has filed and both of his revisions have included significant changes without having any impact on the degree to which he has fulfilled the pleading requirements.

[17] *See* Doc. 53; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (requiring that a *pro se* litigant be provided notice of the deficiencies of the complaint and afforded an opportunity to amend).

[18] *See First Bank Stock Corp. v. State of Minnesota*, 301 U.S. 234, 237 (1937); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

systematic" connections to the forum state.[19] Exercise of specific jurisdiction over an out-of-state defendant must conform to both the forum state's long-arm statute and due process requirements of the United States Constitution.[20]

Idaho Code Annotated Section 5-514 allows for the exercise of specific jurisdiction over an out-of-state defendant if the defendant "[conducts] the transaction of any business within [the] state which is ... defined as the doing of any act for the purpose of realizing pecuniary benefit."[21] In this case, the Court will look to the Due Process Clause of the United States Constitution to determine if specific personal jurisdiction can be exercised over Fifth Third.[22]

In the Ninth Circuit, a three-prong test, known as the *Schwarzenegger* test, is used to determine if the exercise of specific jurisdiction over an out-of-state defendant fulfills the requirements of due process:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposely avails himself of the privilege of

---

[19] *Goodyear Dunlop Tires Operations, S.A.,* 564 U.S. at 919 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)).

[20] *See Id.*

[21] Idaho Code Ann. § 5-514(a).

[22] *See Wells Cargo, Inc. v. Transport Ins. Co.,* 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009).

conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[23]

Plaintiff alleges Fifth Third to be a citizen of Ohio[24] but does not allege or attempt to show that Fifth Third has such continuous and systematic connections to Idaho that the Court should treat it as essentially at home in Idaho for general jurisdiction purposes. General jurisdiction over Fifth Third has not been pleaded.

Under the first prong of the *Schwarzenegger* test, Plaintiff must make a plausible showing that Fifth Third purposely directed its activities or consummated some transaction within Idaho by which it availed itself of the forum and invoked the benefits and protections of Idaho's laws to justify the exercise of specific jurisdiction. Plaintiff has not met that burden.

Plaintiff has not alleged that Fifth Third conducted business of any kind in Idaho. He has not alleged any fact that would allows the Court to reasonably infer that Fifth Third availed itself of the privileges and protections of Idaho and its

---

[23] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

[24] *See* Doc. 54 at 2.

laws.[25] The first prong of the *Schwarzenegger* test has not been fulfilled. The Court cannot exercise specific jurisdiction over Fifth Third.

## Motion to Dismiss for Failure to State a Claim

Plaintiff asserts four claims: (1) securities fraud for a violation of 15 United States Code §§ 78j, 77q, and 78t;[26] (2) "Servicemark Infringement" under 15 United States Code §§ 1114 and 1125;[27] (3) breach of contract;[28] and (4) defamation.[29] None survive the pending 12(b)(6) motion to dismiss.

## Securities Fraud Claim

The securities fraud claim is not based in a statute that provides for civil liability. Rather, the statutes relied upon at 15 United States Code §§ 77 and 78 provide for criminal liability in securities fraud cases.

Even if the complaint is read liberally as a fraud claim, however, circumstances that are alleged as basis for a fraud claim "must be stated with

---

[25] *See generally* Doc. 54 at 3.

[26] *See* Doc. 54 at 2.

[27] *See* Doc. 54 at 3.

[28] *See* Doc. 54 at 4.

[29] *See* Doc. 54 at 4.

particularity in the pleading".[30] The complaint must comply with Federal Rule of

Civil Procedure 9(b) and must make a sufficient showing of the elements, which

are:

> (1) A representation of fact; (2) Its falsity; (3) Its
> materiality; (4) The speaker's knowledge of its falsity;
> (5) The speaker's intent that the representation be acted
> upon in a reasonably contemplated manner; (6) The
> listener's ignorance of its falsity; (7) the listener's
> reliance on the truth of the representation; (8) the
> listener's right to rely on the truth of the representation;
> and (9) the listener's consequent and proximate injury.[31]

Plaintiff alleges that MB Financial Bank published a press release[32] and that

he (Plaintiff) invested in Fifth Third on the basis of the information in the press

release.[33] He also asserts that he was damaged by the alleged fraud because he lost

money in his investment and because he believed that Fifth Third would cover

debts related to Plaintiff's alleged contract with Offspec Solutions LLC.[34]

---

[30] *Strate v. Cambridge Tel. Co., Inc.*, 795 P.2d 319, 323 (Idaho Ct. App. 1990) (quoting I.R.C.P. 9(b); *Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365, 369 (Idaho 1985)).

[31] *Galaxy Outdoor Advert. Inc. v. Idaho Transp. Dep't*, 710 P.2d 602, 606 (Idaho 1985) (citing *Smith v. King*, 597 P.2d 217, 220 (Idaho 1979)).

[32] *See* Doc. 54 at 2. Fifth Third Bancorp stipulated to being the successor in interest and assuming the legal responsibilities of MB Financial Bank, which resulted in the dismissal of MB Financial Bank prior to the filing of the Second Amended Complaint; *see* Doc. 53.

[33] *See* Doc. 54 at 5.

[34] *See* Doc. 54 at 14 and 16.

Plaintiff has not adequately pled a fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b). He has not specifically alleged that the assertions in the press release were materially false. He has not alleged that Fifth Third was aware of the alleged falsity. He has not alleged his damages are caused by the alleged false statement. The content of the press release, taken as true, would not lead a reasonable person to conclude that Fifth Third would cover the financial debts of Offspec Solutions LLC.[35] The assertions of fraud are unsupported by any material facts.

## Service Mark Infringement Claim

The servicemark infringement claim, even if considered as a claim of trademark infringement, has not been sufficiently pleaded. Here, Plaintiff alleges he had a valid trademark in the mark "Offspec Solutions."[36]  He does not, however, assert that Fifth Third used the alleged trademark outside of the press release.

The use of an alleged trademark in a press release, to refer to the entity of the same name, Offspec Solutions LLC, is not sufficient to state a claim of trademark infringement. Plaintiff must make a *prima facie* showing that: (1) he

---

[35] *See* Doc. 54 at 6-9.

[36] *See* Doc. 54 at 3-4; *see also* Doc. 56-2 at 40.

asserted ownership of a valid trademark; (2) that Fifth Third used the trademark in commerce in connection with the sale, distribution, or advertising of a good or service; and (3) that the use was likely to cause confusion.[37] He has not sufficiently alleged ownership of a valid trademark,[38] has not sufficiently alleged that Fifth Third used the trademark in commerce, or that there is a likelihood of confusion.[39] The allegations of fact pleaded are facially insufficient to give rise to a claim of trademark infringement against Fifth Third.

### Breach of Contract Claim

No breach of contract claim has been adequately alleged. No contract between Plaintiff and Fifth Third is claimed, although he alleges he had a contract with Offspec.[40] However, Offspec is not a party to this case. Plaintiff does not allege with sufficient particularity or in a manner that would allow the Court to

---

[37] *See* 15 USC § 1114(1) and *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004).

[38] *See* Doc. 54 at 3. Plaintiff has alleged that he had a valid trademark but has made no showing of a use in commerce, which is necessary to a finding of a valid trademark. *See Telegram Messenger Inc. v. Lantah, LLC,* No. 18-CV-02811-CRB, 2018 WL 3753748, at *4 (N.D. Cal. Aug. 8, 2018), *aff'd*, 782 F. App'x 528 (9th Cir. 2019) (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.,* 174 F.3d 1036, 1052 (9th Cir. 2009)).

[39] *See* Doc. 54 at 36. Plaintiff does not provide factual allegations from which the Court can reasonably infer that confusion has occurred or is probable but rather provides hypothetical questions about how "the general public" might respond to the use of the trademark.

[40] *See* Doc. 54 at 30-32.

reasonably infer that Fifth Third had assumed the contractual duties of Offspec.[41]

## Defamation Claim

Plaintiff has not alleged a viable defamation claim against Fifth Third, the elements of which are:

> (1) The [defendant] communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication.[42]

Plaintiff asserts, without reference to the elements of a claim for defamation or how these elements were satisfied, that Fifth Third defamed Plaintiff during an advertising campaign related to Offspec.[43] The bare allegation of defamation, without factual allegations that would support any of the elements of defamation, is facially insufficient to support a claim.

## CONCLUSION

Plaintiff has not pled a *prima facie* case for personal jurisdiction that would allow the Court to exercise personal jurisdiction over Fifth Third. Nor has he pled any of his claims with sufficient particularity to meet the requirements of *Iqbal*

---

[41] *See* Doc. 54 at 9 and 31.

[42] *Verity v. USA Today*, 436 P.3d 653, 665 (Idaho 2019) (quoting *Clark v. The Spokesman Review*, 163 P.3d 216, 219 (2007)).

[43] *See* Doc. 54 at 36.

and *Twombly*, warranting the Court making a reasonable inference that Fifth Third is liable for the harms Plaintiff claims.

## ORDERED:

1.     Fifth Third's Motion to Dismiss for Failure to State a Claim[44] is GRANTED.

2.     Fifth Third's Motion to Dismiss for Lack of Personal Jurisdiction[45] is GRANTED.

2.     All claims against Fifth Third are DISMISSED WITH PREJUDICE.

3.     The caption shall be updated to reflect the dismissal of the claims against Fifth Third.

DATED this _23rd_ day of December, 2020.


SAM E. HADDON
United States District Judge

---

[44] *See* Doc. 55.

[45] *See Id.*