Jon T. Simmons, ISB No. 5006
Scott R. Rowley, ISB No. 9808
EVANS KEANE LLP
1161 West River Street, Ste. 100
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
E-mail:  jsimmons@evanskeane.com
           srowley@evanskeane.com

*Attorneys for Defendants Central Valley Fund II, LP,*
*Central Valley Fund III (SBIC), LP and CVF Capital Partners, Inc.*

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **NICHOLAS D. SCOYNI,** | **Case No. 1:20-cv-00402-SEH** |
| **Plaintiff,** | |
| **vs.** | **CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR ATTORNEY FEES** |
| **CENTRAL VALLEY FUND L.P. II & III; CVF CAPITAL PARTNERS; and FIFTH THIRD BANCORP N.A.,** | |
| **Defendants.** | |

Defendants CVF Capital Partners, Inc., Central Valley Fund II, LP and Central Valley Fund III (SBIC), LP, submit this consolidated reply in support of Defendant CVF Capital Partners, Inc.'s Motion for Award of Attorney Fees [Dkt. No. 77] and in support of Defendants Central Valley Fund II, LP and Central Valley Fund III (SBIC), LP's Joint Motion for Award of Attorney Fees [Dkt. No. 78].

**ARGUMENT**

**A.**     **<u>Standards Governing An Award Of Attorney Fees</u>.**

In a diversity case such as the case at bar, the law of the state in which the United States District Court sits determines whether a party is entitled to attorney fees. *E.g.*, *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The procedure for requesting such award, however, is governed by federal law. *Id.*

The determination of a reasonable attorney fee award under federal law is typically a two-step process. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). First, the reviewing court must calculate the "lodestar figure" by multiplying the number of hours reasonably spent by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar figure so calculated constitutes an appropriate award. *United Steelworkers of Am. V. Phelps Dodge Corp*, 896 F.2d 403, 406 (9th Cir. 1990). Second, that court must then determine if the lodestar figure should be enhanced or reduced based upon a number of factors, which include the following:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Gonzalez v. City of Maywood*, *supra* at 1209, n.11 (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir.1975)).

Pursuant to Dist. Idaho Loc. Civ. R. 54.2(b), a motion requesting attorney fees must be made "within fourteen (14) days after entry of **<u>judgment</u>** under which attorney fees may be

*CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR ATTORNEY FEES - 2*

claimed." (emphasis added) In this case, the Court entered judgment in favor of the moving

Defendants on December 30, 2020.  Both motions for award of attorney fees at issue (Dkt. No. 77

and Dkt. No. 78) were filed on January 13, 2021, which is within the fourteen day time period.

**B.**     **The Moving Defendants Are Entitled To Awards Of Attorney Fees Under Idaho Code § 12-120(3).**

All of the moving Defendants are entitled to an award of attorney fees under Idaho Code §

12-120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

Idaho Code § 12-120(3).

In this case, as argued by the moving Defendants in their respective motions, an alleged

"commercial transaction" was integral to all of Plaintiff's claims against them and constituted the

entire basis on which Plaintiff sought to recover.  Nowhere in his Amended Opposition to Motions

[Dkt. No. 82] does Plaintiff dispute that fact.  The moving Defendants requests for awards of

attorney fees should be granted on that basis.

**C.**     **The Moving Defendants Are Entitled To Awards Of Attorney Fees Under Idaho Code § 12-121.**

In the alternative, the moving Defendants are entitled to awards of attorney fees pursuant

to Idaho Code § 12-121 which allows for a discretionary award of attorney fees to a prevailing

party "when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation."  Idaho Code § 12-121.

Plaintiff seems to dispute an entitlement to attorney fees under Section 12-121, although he offers no explanation in support.  The moving Defendants submit that in light of the dismissal of Plaintiff's claims under Rule 12, the number of failed attempts to remedy the deficiencies in those claims, in addition to failure by Plaintiff to prevail on extremely similar or identical claims and theories in prior litigation against parties Plaintiff alleged were in privity and in business with the moving Defendants, the Court could well conclude that this matter was brought and pursued frivolously and without foundation.

**D.**     **Plaintiff Has Not Disputed The Reasonableness Of The Amounts Sought.**

Plaintiff also does not contend that the amounts sought by way of the two motions are unreasonable.  Considering the information supplied by the supporting affidavits of counsel, in addition to the *Kerr v. Screen Guild Extras, Inc.* factors set forth above, the moving Defendants likewise submit that the Court has enough supporting information to determine that their requests are reasonable.

## CONCLUSION

It is interesting to note that in the prior similar litigation pursued by Plaintiff before Judge Winmill in Case No. 1:18-CV-00506-BLW, the court determined that an award of attorney fees against Plaintiff was appropriate under Idaho Code § 12-120(3).  (*See* Order Re: Motion for Allowance of Attorney Fees [Dkt. 108] dated June 4, 2020 in Case No. 1:18-cv-00506-BLW (a copy of which is appended hereto as Exhibit A).)  Although the court in that case declined to award attorney fees under Idaho Code § 12-121, the apparent "reasonableness" of Plaintiff's conduct in pursuing claims in that matter evaporated with the prior court's granting of summary judgment

*CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR ATTORNEY FEES - 4*

against him, only for Plaintiff to attempt to pursue the same basic theories, through multiple failed amendments of his complaint, against the Defendants in this case.

The moving Defendants respectfully request that their respective Motions for Award of Attorney Fees be granted.

DATED this 8th day of February, 2021.

EVANS KEANE LLP


By: ___/s/ Jon T. Simmons_____
    Jon T. Simmons, of the Firm
    *Attorneys for Defendants Central*
    *Valley Fund II, LP, Central Valley*
    *Fund III (SBIC), LP and CVF Capital*
    *Partners, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2021, a true and correct copy of the foregoing document was served upon the following and by the method indicated:

Nicholas D. Scoyni                 ☒ U.S. Mail
1701 Blaine Street
Caldwell, ID  83605


I FURTHER CERTIFY that I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic filing.

- **Kenneth C Howell**   khowell@hawleytroxell.com, tshull@hawleytroxell.com
- **Brent Russel Wilson**   bwilson@hawleytroxell.com, dsorg@hawleytroxell.com


    ___/s/ Jon T. Simmons_____
    Jon T. Simmons


*CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR ATTORNEY FEES - 5*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS SCOYNI, | Case No. 1:18-CV-00506-BLW |
| Plaintiff, | **ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES** |
| v. | |
| DANIEL R. SALVADOR, CHRISTOPHER A. SALVADOR, WAYNE J. SALVADOR, OFFSPEC SOLUTIONS LLC, OFFSPEC SOLUTIONS SOUTHEAST, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendants' Motion for Allowance of Attorney's Fees.

Dkt. 100. The motion was timely filed, is fully briefed, and is ripe for decision. For

the reasons that follow, the Court will deny the motion in part and grant the motion

in part.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 1**



Case 1:18-cv-00506-BLW   Document 108   Filed 06/04/20   Page 2 of 12

## DISCUSSION

The Court's Memorandum Decision and Order filed as Docket 94 details the factual and legal backdrop of this case. The Court hereby incorporates that background for the purposes of this motion.

On February 4, 2020, the Court granted summary judgment, in favor of Defendants, as to each of Plaintiff's claims, including his request for injunctive relief. *Memorandum Decision and Order*, Dkt. 94. On February 13, 2020, Plaintiff appealed the decision to the United States Court of Appeals for the Ninth Circuit. On February 26, 2020, Defendants filed the pending motion for attorneys fees as well as a bill of costs. *See* Dkt. 102; Dkt. 104. On May 22, 2020, the Ninth Circuit issued an order denying Plaintiff's request for injunction. Dkt. 107. However, the Court did set a briefing schedule for Plaintiff's appeal regarding this Court's decision on the underlying claims. *Id.*

In the pending motion, Defendants argue the Court should award attorney's fees in the amount of $52,430.00 pursuant to Federal Rule of Civil Procedure 54(d)(2), District of Idaho Local Rule 54.2, and Idaho Code §§ 12-120(3) and 12-121. Plaintiff opposes the motion, asserting it was not timely filed and that that fees and costs may shift, pending the outcome of his appeal. Dkt. 103; Dkt. 105. The Court will analyze the merits of the motion below.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 2**

## STANDARDS OF LAW

In a diversity case such as this, the law of the state in which the district court sits determines whether a party is entitled to attorney fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). However, the procedure for requesting an award of attorney fees is governed by federal law. *Id.* In this case, Defendants assert they are entitled to a reasonable attorney fee under Idaho Code §§ 12-120(3) and § 12-121.

Under federal law, determining reasonable attorney's fees is generally a two-step process. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). First, a court must calculate the "lodestar figure" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar figure constitutes an appropriate fee award. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). Second, a court must determine if the lodestar figure should be enhanced or reduced based on the *Kerr* factors. *Gonzalez*, 729 F.3d at 1209, n.11. These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 3**

circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

The *Kerr* factors are enumerated in Idaho rule of Civil Procedure 54(e)(3). Thus, under Idaho law, as well as federal law, a court is required to consider the *Kerr* factors "when determining the amount of fees to award." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2003).

As discussed below, the Court has considered the Idaho statutory basis, the *Kerr* factors, and the parties' arguments and finds an award of attorney's fees warranted in part.

## ANALYSIS

1.    **Idaho Code § 12-121**

Defendants first assert the Court should award attorney's fees under Idaho Code § 12-121 because Plaintiff's claims and motions were "factually and legally unsupportable," without foundation "from inception" and frivolously and unreasonably pursued by Plaintiff. Dkt. 101-1 at 3.

Pursuant to Idaho Code § 12-121, the Court

may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 4**

I.C. § 12-121.

A judge's discretion to award attorney's fees under § 12-121 is "modified by" Idaho Rule of Civil Procedure 54(e)(1), "which states that a judge may only award such fees when the case was 'brought, pursued or defended frivolously, unreasonably or without foundation; ....'" *Bogner v. State Dep't of Revenue & Taxation, State Tax Comm'n*, 693 P.2d 1056, 1060 (Idaho 1984). Rule 54(e)(2) requires a court to make written findings as to the basis and reasons for making an award of fees. *Id.*

Notably, an award of attorney's fees to the prevailing party under § 12-121 is not a right, "but is appropriate only when the court, in its discretion, is left with the abiding belief that the proceeding was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Nampa & Meridian Irrigation Dist. v. Washington Fed. Savings*, 20 P.3d 702 (Idaho 2001). When deciding whether to award fees, the entire case "must be taken into account and if at least one legitimate issue is presented, attorney fees may not be awarded even though the losing party has asserted other claims of error that are frivolous or unreasonable." *Harris v. Carter*, 189 P.3d 484, 489 (Idaho Ct. App. 2008) *(citing McGrew v. McGrew*, 562, 82 P.3d 833, 844 (Idaho 2003).

In this case, Plaintiff presented at least one legitimate issue for the Court's consideration and therefore, the Court finds the award of fees under § 12-121 is not

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 5**

warranted. The issue the Court finds legitimate, is Plaintiff's allegation that

Defendants breached an oral agreement made in 2012. *See* Dkt. 94 at 7-10. The

Court found that there was no evidence in the record that Plaintiff's offer was

accepted by Christopher Salvador. *Id.* However, the allegation that Plaintiff made

such an offer and had a relationship with Christopher Salvador that could have led

to the offer was reasonably pled. *Id.* at 11. Thus, although the Court ultimately

found there was no genuine dispute of material fact as to the existence of an oral

agreement, the Plaintiff's allegation that there was an agreement, was not so

unreasonable or frivolous as to warrant the application of § 12-121's fee award.

**2.      Idaho Code § 12-120(3)**

Defendants argue also that the Court must award attorney fees for fees

incurred in defending against Plaintiff's oral contract claim. Defendants argue that

Idaho Code § 12-120(3) applies because the contract claim is based on a

commercial transaction. Dkt. 101-1 at 9.

As detailed above, § 12-120(3) provides that in

> any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term 'party' is defined to mean any person, partnership,

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 6**

corporation, association, private organization, the state of Idaho or political subdivision.

I.C. § 12-120(3).

When determining whether a prevailing party can avail itself of § 12-120(3), a court must find: (1) that there is a commercial transaction integral to the claim; and (2) that the commercial transaction serves as the basis upon which recovery is sought. *Brooks v. Gigray Ranches,* 910 P.2d 744 (Idaho 1996). In other words, "the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 471, 36 P.3d 218, 223 (Idaho 2001). Notably, the operation of § 12-120(3) is not precluded by "the absence of a proven contract." *Id.*

In this case, the factual basis of Plaintiff's claims is the alleged 2012 oral agreement for the alleged use of his trademarks. Allegations about the oral agreement lay the foundation for the relationship among the parties, as well as Plaintiff's related state and federal trademark claims. As such, the Court finds the alleged oral agreement is integral to Plaintiff's breach of contract claim, and that the oral agreement served as a basis upon which Plaintiff sought recovery—namely damages for Defendants' alleged breach.

Having found Plaintiff's contract claim is based in a commercial transaction, the Court must determine whether Defendants are the prevailing party.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 7**

Under Idaho law, determining the prevailing party is guided by Idaho Rule of Civil Procedure 54(d)(1)(B), which states:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties.

> "[T]he trial court has discretion to determine who, if anyone, prevailed in a case." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1025 (9th Cir. 2003).

In this case, Defendants are "the prevailing party" who successfully filed a motion for summary judgment that resulted in the dismissal of the action. *See Memorandum Decision and Order*, Dkt. 94; *Judgment*, Dkt. 98; *Wisdom v. Centerville Fire Dist., Inc.*, 2010 WL 468094, at *2 (D. Idaho Feb. 4, 2010), aff'd, 424 F. App'x 691 (9th Cir. 2011).

Provided the foregoing, the Court finds Idaho Code § 12-120(3) applies and as such, the Court must award attorney fees related to Plaintiff's breach of contract claim.

## 3.    Reasonableness of Attorney's Fees

The Court must now determine whether the total fees sought by Defendants are reasonable. Defendants incurred $17,890.50 in preparing the summary judgment motion briefing. *Defendants' Memorandum in Support, Exhibit A*, Dkt.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 8**

101-2 at 8. Defendants' counsel estimates that one third of those fees are attributable to work regarding the contract claim—$5,963.50. *Id.* at 8–9.

### A.    The Lodestar Method

Courts in the Ninth Circuit use the lodestar method as a starting place for determining the reasonableness of attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) Under the method, the Court must multiply the number of hours reasonably spent defending Plaintiff's contract claim by a reasonable hourly rate. *Id.*

In determining a reasonable hourly rate, the Court considers both the "experience, skill and reputation of the attorney requesting fees" *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Reasonable fees are available to compensate the work of attorneys and paralegals, though work that requires the skill level of a paralegal should be billed at a paralegal's rate. *See Missouri v. Jenkins,* 491 U.S. 274, 288 (1989); *see also Freeman v. Mukasey*, No. 04-35797, 2008 WL 1960838, at *7 (9th Cir. Feb. 26, 2008).

Here, Plaintiff does not specifically contest the hourly rates. *See Motion in Opposition Objection to Motion*, Dkt. 103. Upon its own review, the Court finds the hourly rates requested are reasonable considering the experience, skill, and reputation of the attorneys.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 9**

The Court must also determine if the number of hours spent on the issue is reasonable. Here, Defendant's counsel estimates they spend about 107.70 hours preparing the summary judgment briefing and that one third of those hours, or 35.9 hours, were dedicated to the contract-based issue. Considering the nature of the claim and the relative simplicity of the law at issue, the Court finds that the limited number of hours spent on the summary judgment response to the contract-based claim is also reasonable.

Provided this, the lodestar figures are as follows:

| Attorney/Staff | Reasonable Hourly Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|
| **Bradley, Ebert (Paralegal)** | $100.00 | 3.6 | $360 |
| **Richard Greener (Shareholder)** | $225.00 | 4.57 | $1,027.50 |
| **Slade Sokol (Associate)** | $165 | 27.73 | $4,576 |
| | | | $5,963.50 |

**B.    The _Kerr_ Factors**

There is a "strong presumption" that the lodestar figure constitutes an appropriate fee award. _United Steelworkers of Am. v. Phelps Dodge Corp._, 896 F.2d 403, 406 (9th Cir. 1990). However, the Court must determine if the lodestar figure should be enhanced or reduced by considering other factors, which include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 10**

> fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

In adjusting an award, a court focuses on the *Kerr* factors "that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997). Factors one through four and six are considered subsumed in the lodestar calculation. *Id.* at 364 n. 9. Those *Kerr* factors not subsumed in the lodestar calculation, therefore, include: "(5) the customary fee, ... (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.*

In this matter, the Court finds the remaining *Kerr* factors do not affect the lodestar calculation sufficient to warrant enhancement or diminishment of the lodestar figure. Of particular significance to this finding, the Court notes Defendants seek only fees incurred in connection with the motion for summary judgment, rather than for work related to the entirety of the case. This fact supports the reasonableness of the fee award.

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 11**

**4.     Costs**

Finally, pursuant to Federal Rule of Civil Procedure 54(d), costs other than attorney's fees should be allowed to the prevailing party. Having found Defendants are the prevailing party and having reviewed the costs and finding them to fit the needs of the case, the Court will award such costs—$3,048.15. Dkts. 102; 104.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff must pay Defendants $5,963.50 in attorney's fees and $3,048.15 in costs, for a total of $9,011.65.

## ORDER

**IT IS ORDERED that**

1.     Defendants' Motion for Allowance of Attorney's Fees (Dkt. 100) is

**DENIED IN PART** and **GRANTED IN PART**, as set forth above.

DATED: June 4, 2020

B. Lynn Winmill
U.S. District Court Judge

**ORDER RE: MOTION FOR ALLOWANCE OF ATTORNEY'S FEES – 12**